IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PASSAMAQUODDY TRIBE OF MAINE,

               Plaintiff,

v.

DIRK KEMPTHORNE, ROSS O. SWIMMER and HENRY M. PAULSON,

               Defendants.

) ) ) ) ) ) ) ) ) ) ) )

Case No. 06-CV-02240-JR
Judge James Robertson

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL CIVIL RULE 16.3

Plaintiff, the Passamaquoddy Tribe of Maine and Defendants, Dirk Kempthorne, Ross O. Swimmer, and Henry M. Paulson, through undersigned counsel, hereby submit the Parties' Joint Report to the Court Regarding Case Management and Discovery Issues.

**Plaintiff's Introductory Statement**

In submitting this Joint Report, counsel for Plaintiff Passamaquoddy Tribe of Maine ("Plaintiff-Beneficiary") advises that the parties are sharply divided over what the Report should address and how this litigation should proceed.

Plaintiff-Beneficiary had anticipated that following the meeting of counsel for the parties on April 11, 2007, a "Joint Discovery Plan" would be submitted in accordance with Federal Rule 26(f) and Local Rule 16.3(c). During the April 11 meeting, however, counsel for Defendants, Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson (collectively, "Trustee-Delegates") disclosed the government's position that this case is exempted from FRCP 26(a)(1)'s initial disclosure requirements as "an action for review on an administrative

record." *See* Federal Rule 26(a)(1)(E)(i). Subsequent thereto, this same exemption also has been cited by Trustee-Delegates as relieving the parties of the duty to confer and file the joint report with the Court otherwise required pursuant to Federal Rule 26(f) and Local Civil Rule 16.3(c). And Trustee-Delegates have now disclosed their intention to seek the Court's "remand" of this case to Interior – an outcome they argue would obviate any present need for discovery or for further proceedings in the litigation.

While Plaintiff-Beneficiary strongly disagrees with Trustee-Delegates' attempted characterization of this trust case as an administrative law matter governed by the Administrative Procedure Act, clearly the parties will not be in a position to submit a Joint Discovery Plan addressing the full range of discovery and case management issues called for under the Rules until after the Court has resolved this threshold matter.

A. **Report of Counsel's Meeting Per Federal Rule 26(f)**

1. **The April 11, 2007 Meeting.**

The April 11 meeting was held in the offices of counsel for Plaintiff-Beneficiary. It was attended by:

- Plaintiff-Beneficiary's Counsel of Record: Keith Harper and G. William Austin.

- Defendants' Counsel of Record: Martin J. LaLonde and Laura Maroldy.

- Other Government Counsel: Paul Smyth, Elisabeth Brandon, Ken Dalton, and Thomas Kearns of the Department of the Interior Solicitor's Office; John Martin, Kevin Larsen, and Anthony Hoang of the Department of Justice; and Rachel Howard of the Department of Treasury.

US2000 9982507.1

**<u>Plaintiff's Position</u>:**

It is Plaintiff-Beneficiary's position that such a meeting was required by Federal Rule 26(f) and that counsel for the parties were obliged to address the various discovery and case management issues listed in Rule 26(f) and in Local Civil Rule 16.3(c) and thereafter submit a joint report to the Court. Consequently, counsel for Plaintiff-Beneficiary outlined a proposed plan for case management to Trustee-Delegates' counsel during the April 11 meeting. A case management plan containing a number of these same elements is presented in this Report (*see* Sections B.1 and C.1 below). (In response to concerns raised by Trustee-Delegates' counsel during the April 11 meeting, however, certain of the deadlines for accomplishing discovery and other features of Plaintiff-Beneficiary's plan have been modified in what is being presented to the Court for adoption in this litigation.)

When Plaintiff-Beneficiary thereafter proposed to address the 14 numbered topics mandated for discussion per Local Civil Rule 16.3(c), however, Trustee-Delegates' counsel initially took the position at the meeting that the parties were exempted from compliance pursuant to Local Civil Rule 16.3(b)(1). The parties then proceeded to discuss each of the required Rule 16.3(c) items. Later during that same meeting, moreover, a similar exemption was asserted with respect to the initial disclosure requirements imposed under Federal Rule 26(a)(1). And in an April 17, 2007 e-mail, government counsel took the position that there was no duty for the parties to confer or to submit a joint Rule 26(f) report in this litigation due to the same exemption.

As previously noted, Plaintiff-Beneficiary strongly disagrees with the government's position that the case involves nothing more than the Court's "review of an administrative record." *See* FRCP 26(a)(1)(E)(i) and Local Rule 16.3(b)(1). Trustee-Delegates have taken

US2000 9982507.1

a similar position in the *Cobell* trust accounting litigation, and this Court has rejected that argument as "ill-founded." *See, e.g., Cobell v. Norton*, 226 F.R.D. 64, 92 (D.D.C. 2005) (observing that "[D]efendants have never been successful in portraying this litigation as a typical case of judicial review of agency action."). Further, the D.C. Circuit also has squarely addressed Trustee-Delegates' contention and declared that: "The narrower judicial powers appropriate under the APA do not apply [in this suit] . . . because the underlying lawsuit is both an Indian case and a trust case in which the trustees have egregiously breached their fiduciary duties." *Cobell v. Norton*, 391 F.3d 246, 257-58 (D.C. Cir. 2004) ("*Cobell XII*").

Moreover, this case is expressly pleaded as an action under 28 U.S.C. § 1331 to enforce federal statutory trust responsibilities, both express and implied, against Trustee-Delegates owing substantial fiduciary duties to Plaintiff-Beneficiary. Accordingly, it does not implicate the APA or its agency review standards and procedures in any way whatsoever. Rather, what is involved here is the inherent equitable powers of this Court to enforce the trust created by federal statute.

**Defendants' Position:**

Defendants believe that this Joint Report is not the proper and appropriate vehicle for the parties to make legal arguments to the Court about its jurisdiction over Plaintiff's claims herein. Therefore, Defendants provide below only a summary of their legal positions so as to inform the Court of their views herein. Defendants reserve the right to develop and set forth in full their position at a later time, in an appropriate vehicle, such as dispositive motions, or at such time as the Court deems appropriate.

US2000 9982507.1

Defendants' position, in essence, is that Plaintiff, in disregarding the application of the Administrative Procedure Act ("APA"), has failed to comply with the terms of the sovereign immunity waiver found in the APA.  In recently addressing a case raising similar claims, the Court of Appeals for the D.C. Circuit has noted that "because we are addressing the operations of an executive agency, we are also bound by the rules of administrative law . . . . Thus, we looked to the APA to find a waiver of sovereign immunity, allowing the class members to seek nonmonetary relief against the government.  Similarly, we applied APA standards in determining whether Interior had unreasonably delayed the performance of its duties, thereby subjecting itself to judicial review.  Such analysis was necessary because our jurisdiction is limited to addressing specific agency action or inaction."  *Cobell v. Kempthorne*, 455 F.3d 301, 307 (D.C. Cir. 2006) (internal quotes omitted).  Judicial review under the APA does not commonly permit admission of new evidence to supplement the administrative record supplied by the defendant federal agency or official, and discovery in a case brought under the APA is an exception rather than the rule.

B.    **The Nature and the Basis of the Parties' Claims and Defenses.**

1.    **Plaintiff's Statement of the Case:**

**Outline of Plaintiff-Beneficiary's Claim.**    This is an action for an equitable accounting of Plaintiff-Beneficiary's trust funds and other assets held by Trustee-Delegates. Plaintiff-Beneficiary seeks a declaration that Trustee-Delegates owe a fiduciary duty to provide a complete and accurate accounting of all such funds and assets and that they are in violation of this trust duty.  Parenthetically, such declaration will necessarily reject the characterization that any actions Trustee-Delegates have taken to date discharge their obligation to account.  Further, to the extent that the accounting demonstrates errors in the

5

account balances, whether positive or negative, Plaintiff-Beneficiary seeks a decree directing the restatement and correction of Plaintiff-Beneficiary's trust account balances reflecting the results of the accounting.  Finally, the accounting may well reveal other breaches of trust that will require further equitable relief that may be appropriate under the circumstances (*e.g.*, an order mandating the trustee to bring an action against a third party, *see, e.g.*, Restatement (Second) of Trusts § 177 ("Duty to Enforce Claims")) or reveal other actions that Plaintiff-Beneficiary may have to commence in other tribunals.

**This is an Action for Breach of Trust Arising Under the Laws of the United States – and not an APA Review Case.**  Plaintiff-Beneficiary's action for an equitable accounting presents a federal question over which the Court has subject-matter jurisdiction under Section 1331 – quite apart from the APA.

Plaintiff-Beneficiary's cause of action pleaded in this case is that Trustee-Delegates have breached their trust duties, including their duty to account for the trust funds and assets held in trust for Plaintiff-Beneficiary's benefit.  The substantive bases for such a claim are the statutes and regulations that create the trust relationship with it the statutorily-rooted fiduciary duties express and implied.  Thus, as the Complaint filed in this case demonstrates, Plaintiff-Beneficiary has initiated this action under Section 1331 as a trust beneficiary requesting that this Court sitting in equity enforce statutorily-based trust obligations owed by the trustee.

Without going into unnecessary detail for this sort of filing, suffice to say that the cause of action here is not an APA one.  Rather, the right of action is that of a beneficiary seeking to enforce the trust terms and duties against the trustee.  It is axiomatic that "[a] court of equity, having jurisdiction over the administration of trusts, will give to the beneficiaries

6

of a trust such remedies as are necessary for the protection of their interests...."   III William F. Fratcher, Scott on Trusts § 199, at 203-04 (4th ed. 1988) (emphasis added).  Accordingly, this Court must enforce trust duties using its inherent equitable authority and ensure protection of the beneficiary.  *See, e.g., Village of Brookfield v. Pentis*, 101 F.2d 516, 520-21 (7th Cir.  1939) ("Courts of equity have original inherent jurisdiction to decree and enforce trusts and to do whatever is necessary to preserve them from destruction."); *Cobell v. Norton*, 240 F.3d 1081, 1094 (D.C. Cir. 2001) ("*Cobell VI*") ("Plaintiffs' claims allege breach of trust obligations grounded in federal law and plaintiff seek enforcement of their federal rights. Plaintiffs' claims thus 'arise under' the laws of the United States, granting federal court jurisdiction under 28 U.S.C. § 1331.").

Contrary to what Trustee-Delegates contend in their separate Statement of the Case (*see* B.2 below), this trust case does ***not*** present in any form or fashion a request for review of agency action.  It is Trustee-Delegates' failure to fulfill their accounting obligation owed the Plaintiff-Beneficiary for decades that necessitates this suit in the first place.) Nevertheless, Trustee-Delegates have completely ignored the contents of Plaintiff-Beneficiary's pleadings in this matter in attempting to characterize this case as an APA matter in which the Court's jurisdiction has been "invoke[d] . . . under the Administrative Procedure Act (APA), 5 U.S.C. § 500-706,. . ." among other statutes.  (*See* B.2 below.)

This is not correct.  The APA provision invoked by Plaintiff-Beneficiary as support for the breach of trust claim asserted under 28 U.S.C. § 1331 is APA Section 702 – which waives federal officials' sovereign immunity for actions (like this one) "seeking relief other than money damages" involving a federal officials' action or failure to act.  5 U.S.C. § 702. It is well settled that an APA waiver of sovereign immunity is *not* limited to APA claims, as

"[t]he APA's waiver of sovereign immunity *applies to any suit whether under the APA or not*." *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996) (emphasis added). *See also Cobell VI*, 240 F.3d at 1094 ("Insofar as plaintiffs seek specific injunctive relief and declaratory relief – and, in particular, seek the accounting to which they are entitled – the government has waived its sovereign immunity under this provision.").

While the Complaint filed in this action also makes reference to APA Section 706 as an ***alternative*** basis for jurisdiction that does not convert this trust enforcement action brought under 28 U.S.C. § 1331 and the statutes which create this trust into an APA case. It is for plaintiffs, not defendants, to state the cause of action for which they seek relief. Our principal cause of action is the trust one – made necessary precisely because Trustee-Delegates have delayed for decades in taking any meaningful steps to comply with their fiduciary obligation to account that it is necessary for Plaintiff-Beneficiary to have initiated this action in the first place.

To be sure, Section 706 affords an alternative basis for jurisdiction. *See Cobell VI*, 240 F.3d at 1095 (citation omitted). Even if, at some point, this alternative review basis was relied upon here, nothing in Section 706 remotely suggests that it would be appropriate, as Trustee-Delegates urge, for this Court to defer indefinitely adjudication of Plaintiff-Beneficiary's trust claim while this case is "remanded" to Interior. Indeed, the very reason for the Court's intervention is to judicially enforce Trustee-Delegates' fiduciary obligation in a situation where their continuing breach of such trust duty is causing irreparable harm. *Cobell VI*, 240 F.3d at 1097. "'The interests at stake are not merely economic interests in [an administrative scheme], but personal interests in life and health.'" *Id.* (citation omitted)

US2000 9982507.1

Trustee-Delegates' proposal that further court proceedings in this case be halted indefinitely – particularly so as to allow Trustee-Delegates primarily responsible for the long-standing breach of trust duty to continue to fail to rectify the situation without any guidance from the Court – is completely unacceptable.  To be sure, their remand request necessarily concedes that Trustee-Delegates have failed to discharge their fiduciary duty to account in this case – why else would they seek to suspend the litigation until after Interior has been permitted additional time to try to take steps to rectify the breach in trust duty that this Court has been asked to declare.  Yet remanding Plaintiff-Beneficiary's trust accounting claim to the same Trustee-Delegates that have unconscionably delayed for decades in making any legitimate attempt to fulfill this most fundamental of trust duties is no real solution at all.  Rather, it will just exacerbate the irreparable harm to this trust beneficiary continues to suffer as the result of Trustee-Delegates' ongoing breach of trust duty.

Plaintiff-Beneficiary therefore urges the Court to proceed with this litigation in the manner proposed in the Case Management Plan set forth below.

**<u>Plaintiff-Beneficiary's Proposed Case Management Plan</u>.**  To allow for the orderly and timely resolution of this case, Plaintiff-Beneficiary proposes that the litigation be divided into two phases:  (1) Declaratory Relief; and (2) Accounting Trial & Remedies.

Phase I will address and resolve the following questions:  (1) what are the fiduciary duties applicable to this trust; (2) whether Trustee-Delegates have a fiduciary duty to account; and (3) whether they are in breach of this trust duty as claimed by Plaintiff-Beneficiary.  Within 45 days of the conclusion of Phase I discovery (*see* Section A.5 below), Plaintiff-Beneficiary will move for summary judgment.  This motion will seek, among other things, a declaration that sets forth the duties applicable to this trust including a duty to

account for all trust assets and that Trustee-Delegates have breached that duty. In the event the Court determines that issues of material fact remain regarding Phase I issues, the Court will specially set a trial to resolve those factual issues to occur no later than May 2008.

Within 30 days of the Court's ruling on Phase I issues in favor of Plaintiff-Beneficiary, a further scheduling order would then issue governing the Phase II proceedings. Although the details of the further order will not need to be determined until after Phase I, it is anticipated that the "Accounting Trial & Remedies" phase, which will also entail factual and expert discovery, would require an additional 12-month period to be completed. During this Trial, Trustee-Delegates will present their accounting of trust assets belonging to Plaintiff-Beneficiary and this Court will hear Plaintiff-Beneficiary's exceptions and objections to the accounting. Following the Accounting Trial concluding Phase II, the Court would determine whether Trustee-Delegates have complied with their declared accounting obligation. The propriety of additional equitable relief could also be addressed at that time.

2.    **Defendants' Statement of the Case:**

In this case, Plaintiff seeks declaratory and injunctive relief to "redress breaches of trust" by Defendants "in the management and accounting of [Plaintiff's] trust assets, including funds and lands," "to compel the defendants to provide a full and complete accounting of all trust assets belonging to [Plaintiff,] and to correct the balances of [Plaintiff's] trust fund accounts to reflect accurate balances." *See* Docket No. (Doc. #) 1, Complaint, ¶ 1. Plaintiff alleges, *inter alia*, that Defendants have "never fulfilled [their] duty to provide a full accounting of the trust funds belonging to [Plaintiff]" and have "never provided an accounting of [their] management of [Plaintiff's] trust assets, as required by

US2000 9982507.1

law." *Id.*, ¶¶ 2, 3; *see also* ¶ 4. Plaintiff invokes the Court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500-706, among other statutes.

Defendants do not concede any jurisdictional defenses that they may have regarding the issues, claims, and request for relief raised by Plaintiff herein, including Plaintiff's request for restatement of its account balances. Notwithstanding, Defendants intend to request that this Court remand this case to Interior for a specified period of time, so that Interior can exercise its primary responsibility and discretion to define and complete the accounting for the Tribe, as Interior deems required under its statutory and regulatory mandates, and, consistent with that accounting, make a determination about the restatement of Plaintiff's account balances. Upon completion of that remand, the accounting, along with the supporting administrative record, will be presented to Plaintiff for its review. At that time, should Plaintiff wish to proceed further with litigation before this Court, the parties would confer to determine the next steps in the litigation. Pending the completion of the remand, the Court should dismiss the case without prejudice or, in the alternative, stay the litigation.

As stated above, Defendants do not believe that this Joint Report submitted pursuant to FRCP 26(f) and LcvR 16.3 is the appropriate vehicle in which to submit legal arguments about the jurisdictional disputes that are highlighted in this report. Nevertheless, given Plaintiff's detailed treatment of the issues above, Defendants note, in summary form and for the purpose of providing the Court with an informed basis for making scheduling decisions herein, the fact that Plaintiff's case management proposal ignores that "under the APA, courts may only review specific agency action or unreasonable delay by an agency." *Cobell*, 455 F.3d at 305 (citing *Cobell v. Norton* (*Cobell XIII*), 392 F.3d 461, 472 (D.C. Cir 2004)).

11

Unless and until Plaintiff conforms the claims and the legal controversy that it has submitted for resolution in this case to the requirements of the APA, Plaintiff's proposed Phase I of the case is beyond the Court's jurisdiction, especially where, as here, Plaintiff has not even alleged jurisdiction under the Declaratory Judgment Act. Unlike Plaintiff's proposal for a Declaratory Relief Phase, the remand proposed by Defendants herein would result in an agency action that would be subject to judicial review based on an appropriate record. Defendants submit that their motion for remand will present the parties the appropriate opportunity for briefing their views on this issue. If the Court determines otherwise, Defendants request the opportunity to brief fully their view regarding the APA standards, limitations, and procedures that should govern this case.

3.    **The Possibility of Prompt Settlement or Resolution of the Case.**

**Plaintiff's Position**: Counsel for Plaintiff-Beneficiary would welcome the opportunity to engage in meaningful settlement discussions at any time. Plaintiff-Beneficiary also believes that there is no need to stall litigation to discuss settlement and indeed such delays could promote unhelpful counter-incentives to resolution. Accordingly, we are committed to working together with the Court to develop a plan for case management that will allow this case to be concluded promptly if a fair and reasonable settlement cannot be achieved.

**Defendants' Position**: Defendants have raised with Plaintiff the possibility of settlement discussions in this case, and they are prepared to undertake those discussions, as appropriate. Defendants believe that it is possible to settle Plaintiff's trust accounting and trust mismanagement issues and claims, and Defendants have been and remain open to the possibility of doing so. Defendants believe that the likelihood of settlement may increase

12

after the parties informally exchange documents, data, and information that are relevant or potentially relevant to Plaintiff's claims. Defendants are willing to undertake such measures as the informal production of documents and data, so as to inform the parties about Plaintiff's issues and claims in this case and to enhance the possibility of settlement discussions. Defendants believe that it is unlikely or difficult to settle the case if and while the parties are engaged in actively litigating the case.

    4.    **Disclosures Required by Rule 26(a)(1).**

**<u>Plaintiff's Position:</u>** During the April 11 meeting of counsel (*see* Section A.1 above), Trustee-Delegates stated an objection to serving initial disclosures. Although Plaintiff-Beneficiary's principal basis of jurisdiction is Section 1331 and this is a trust case enforcing trust duties, it is Trustee-Delegates' position that this case is "an action for review of an administrative record" and thus exempted from Federal Rule 26(a)(1)'s initial disclosure requirements. *See* FRCP 26(a)(1)(E)(i).

Pursuant to Federal Rule 26(a)(1)(E), the Court must rule on Trustee-Delegates' objection and determine what disclosures are required and set a date for any such disclosures. In Plaintiff-Beneficiary's view, all of the initial disclosures normally required by Federal Rule 26(a)(1) should be required here. Accordingly, in overruling Trustee-Delegates' objections, the Court is urged to require that all such disclosures be made within 14 days of that ruling.

**<u>Defendants' Position:</u>**

As noted previously, this case is brought pursuant to the provisions of the APA. Therefore, judicial review in the case is generally limited to the agency's administrative

US2000 9982507.1

record. Therefore, this matter is exempt under FRCP 26(a)(1)(E)(i) from the disclosure requirements of FRCP 26(a)(1).

Defendants maintain that this Joint Report under RCFC 26(f) and LCvR 16.3 is not the appropriate vehicle in which to develop fully the parties' respective legal arguments on this issue. Nevertheless, Defendants note, in summary form herein, that the issues of whether disclosures are necessary and whether open discovery as to the merits of Plaintiffs claims should be allowed are intertwined with the question of the Court's jurisdiction, and that, as a matter of course, the jurisdictional question has to be addressed first. *See, e.g., Steel Company v Citizens for A Better Environment*, 523 U.S. 83 (1998). Therefore, the Court should defer resolving this question until the jurisdictional issue has been first resolved, which Defendants see as best addressed through the remand motion.

Any additional briefing of this issue should await the Court's consideration of the Government's motion for remand. To the extent that the Court deems it necessary to resolve this issue before consideration of the Government's motion for remand, Defendants reserve the right to present the Court with their fully developed arguments on the issue.

5.    **The Parties' Discovery Plan.**

(a)    <u>**The following changes should be made in the timing, form or requirement for disclosures under Rule 26(a)**</u>:

<u>**Plaintiff's Position:**</u>    It is Plaintiff-Beneficiary's position that the initial disclosures normally required under Rule 26(a) should have been made in this case within the time frame established by Rule 26(a)(1) and Local Rule 26.2(a). As noted above, however, Trustee-Delegates contend that this case involves the Court's review of an "administrative record" as contemplated under Federal Rule 26(a)(1)(E)(i) and Local Rule 16.3(b)(1), and thus that the

US2000 9982507.1

parties are relieved of any obligation to satisfy Federal Rule 26(a)(1)'s disclosure requirements.

Because Trustee-Delegates have objected to serving any such initial disclosures on the basis of the foregoing exemption, Plaintiff-Beneficiary in turn is relieved of any obligation to serve its initial disclosures until such time as the Court rules on Trustee-Delegates' objections. *See* Fed. R. Civ. P. 26(a) Advisory Committee's Note (2000); and Local Rule 26.2(a). Once this issue is resolved and the date set for the parties' disclosures, Plaintiff-Beneficiary will proceed to make the disclosures as directed by the Court.

### **Defendants' Position:**

As noted previously, this case is brought pursuant to the provisions of the APA. Therefore, judicial review in the case is generally limited to the agency's administrative record. Therefore, this matter is exempt under FRCP 26(a)(1)(E)(i) from the disclosure requirements of FRCP 26(a)(1).

Defendants maintain that this Joint Report under RCFC 26(f) and LCvR 16.3 is not the appropriate vehicle in which to develop fully the parties' respective legal arguments on this issue. Nevertheless, Defendants note, in summary form herein, that the issues of whether disclosures are necessary and whether open discovery as to the merits of Plaintiffs claims should be allowed are intertwined with the question of the Court's jurisdiction, and that, as a matter of course, the jurisdictional question has to be addressed first. *See, e.g., Steel Company v Citizens for A Better Environment*, 523 U.S. 83 (1998). Therefore, the Court should defer resolving this question until the jurisdictional issue has been first resolved, which Defendants see as best addressed through the remand motion. Any additional briefing of this issue should await the Court's consideration of the Government's motion for remand.

US2000 9982507.1

To the extent that the Court deems it necessary to resolve this issue before consideration of the Government's motion for remand, Defendants reserve the right to present the Court with their fully developed arguments on the issue.

**(b)** **Discovery will be needed on the following subjects and should be conducted in the following manner:**

**Plaintiff's Position:**    In response to allegations in the Complaint that Trustee-Delegates have breached their trust duty to account for Plaintiff-Beneficiary's trust funds and assets, Trustee-Delegates repeatedly make reference to "financial and accounting data and documentation," "statements of account" and other "trust account information" they claim to have furnished to Plaintiff-Beneficiary.  *See* Answer at ¶¶ 2, 3, 5, 21, 30, 34, 36, 37, and 38. It is unclear from Trustee-Delegates' responsive pleadings, however, whether they actually intend to rely on any such materials as claimed satisfaction of the fiduciary duty that they allegedly owe.

Accordingly, the Case Management Order proposed by Plaintiff-Beneficiary would require in the first instance that Trustee-Delegates produce any and all such referenced materials within 30 days of the issuance of the Order.[1]  Further, Trustee-Delegates would produce all workpapers and other background source documents related thereto and would be required to specify at that same time which of the produced items (if any) they contend constitutes a complete and accurate accounting of all trust assets belonging to Plaintiff-Beneficiary as required by law.

---

[1] Plaintiff-Beneficiary has included a proposed Case Management Order for the Court to enter after disposing of Trustee-Delegates' contention that this case is an action for review of an administrative record.

16

US2000 9982507.1

After these disclosures are made, the Order would permit the parties an additional 90 days to complete Phase I fact discovery. Plaintiff-Beneficiary thereafter would proceed to make its expert disclosures pursuant to Federal Rule 26(a)(2), and Trustee-Delegates would then have 30 days from Plaintiff-Beneficiary's disclosures within which to submit their expert disclosures pursuant to Federal Rule 26(a)(2)(B). The parties would have an additional 30 days within which to complete the Phase I discovery concerning such disclosures.

As noted in Section B.1 above, a separate scheduling order would issue in the event of a ruling in Plaintiff-Beneficiary's favor at the completion of Phase I. This later scheduling order would establish the dates for the parties' completion of any further discovery related to Trustee-Delegates' accounting methodology, the existence, reliability and integrity of the paper and electronically stored trust records, and any other Phase II issues. Deadlines for the disclosure of experts' reports, expert depositions, and the dates of the final pre-trial conference and the Accounting Trial, also would be established at that time.

**Defendants' Position:** As noted previously, Plaintiff has invoked the Court's jurisdiction under the APA. Under applicable case law, the Court's review of a final agency action, or to compel agency action, is generally based on and limited to the administrative record. Accordingly, extra-record discovery and consideration of extra-record evidence is improper and inappropriate, except in very limited circumstances. Accordingly, the Court should prohibit formal discovery in this case.

Defendants maintain that this Joint Report under RCFC 26(f) and LCvR 16.3 is not the appropriate pleading in which to develop fully the parties' respective legal arguments on this issue. Nevertheless, Defendants note, in summary form herein, that the issues of

whether disclosures are necessary and whether open discovery as to the merits of Plaintiffs claims should be allowed are intertwined with the question of the Court's jurisdiction, and that, as a matter of course, the jurisdictional question has to be addressed first. *See, e.g., Steel Company v Citizens for A Better Environment*, 523 U.S. 83 (1998). Therefore, the Court should defer resolving this question until the jurisdictional issue has been first resolved, which Defendants see as best addressed through the remand motion.

Any additional briefing of this issue should await the Court's consideration of the Government's motion for remand. To the extent that the Court deems it necessary to resolve this issue before consideration of the Government's motion for remand, Defendants reserve the right to present the Court with their fully developed arguments on the issue.

To the extent that the Court deems it appropriate to allow extra-record discovery herein, Defendants object to Plaintiff's proposal that the Court should issue an order requiring the production of certain documents by a date certain. Such a production order is inappropriate at this time, and any document production requests that the Court allows Plaintiff to propound should be governed by Fed. R. Civ. P. 34. Further, the Court should not grant Plaintiff's proposal to order Defendants to specify what they contend constitutes a complete and accurate accounting. To the extent that Plaintiff is permitted to seek admissions, Plaintiff should be required to follow the requirements of Fed. R. Civ. P. 36.

In addition, Defendants object to Plaintiff's insufficient allowance for any additional permitted discovery. Potentially relevant documents are located at the American Indian Records Repository ("AIRR") in Lenexa, Kansas, and may be located in hundreds, if not thousands, of boxes. To respond to Plaintiff's document requests would require the parties to identify the boxes that might contain responsive documents; the Solicitor's Office to conduct

18

a privilege review of those boxes; Plaintiff to inspect the boxes and identify those documents it wishes to have produced; and Defendants to image, code, and conduct a post-inspection confidentiality and privilege review before producing the documents to Plaintiff. Based on Defendants' experience in other Tribal trust accounting and trust mismanagement cases, depending on the documents requested by Plaintiff, the 90 days proposed by Plaintiff would likely be insufficient to complete this document inspection and production process.

Also, Defendants object to Plaintiff's proposal regarding the time allowed for expert disclosures and any additional discovery following those disclosures. Plaintiff's proposal does not sufficiently account for the complexity of the issues and claims herein. If such extra-record expert discovery were allowed, Defendants would propose that the scheduling of any expert disclosures wait until after completion of fact discovery.

**(c)** **Discovery of electronically stored information will be handled as follows:**

**Plaintiff's Position:** This issue will need to be further addressed after the Court has ruled on Trustee-Delegates' exemption argument and clarified the matter of the Court's case management authority. However, counsel for Plaintiff-Beneficiary notes that in response to concerns raised during the April 11 meeting, Paul Smyth of the Interior Solicitor's Office advised of an internal communication that had previously been made in writing to all Department of Interior employees requesting that immediate steps be taken to preserve all relevant tribal trust records.

In addition, given the extent of production of trust records that will be necessary in this case, plaintiffs will seek that certain material be provided in its "native" format. Otherwise, the utility of such information may be dramatically diminished.

US2000 9982507.1

**Defendants' Position**:

As noted previously, Plaintiff has invoked the Court's jurisdiction under the APA. Under applicable case law, the Court's review of a final agency action, or to compel agency action, is generally based on and limited to the administrative record. Accordingly, extra-record discovery and consideration of extra-record evidence is improper and inappropriate, except in very limited circumstances. Accordingly, the Court should prohibit formal discovery in this case.

Defendants maintain that this Joint Report under RCFC 26(f) and LCvR 16.3 is not the appropriate pleading in which to develop fully the parties' respective legal arguments on this issue. Nevertheless, Defendants note, in summary form herein, that the issues of whether disclosures are necessary and whether open discovery as to the merits of Plaintiffs claims should be allowed are intertwined with the question of the Court's jurisdiction, and that, as a matter of course, the jurisdictional question has to be addressed first. *See, e.g., Steel Company v Citizens for A Better Environment*, 523 U.S. 83 (1998). Therefore, the Court should defer resolving this question until the jurisdictional issue has been first resolved, which Defendants see as best addressed through the remand motion.

Any additional briefing of this issue should await the Court's consideration of the Government's motion for remand. At least until that time, the Court should prohibit discovery in this matter.

**(d)    The Parties have agreed to an order regarding claims of privilege or of production as trial-preparation material asserted after production as follows**:

**Plaintiff's Position**:  This issue also will be further addressed after the Court has ruled on Trustee-Delegates' exemption arguments and clarified the matter of the Court's case

20

management authority.  Plaintiff-Beneficiary notes, however, that because this is a trust case, the fiduciary exception is applicable to otherwise privileged communications if they deal in any way with trust administration.  *See Cobell v. Norton,* 226 F.R.D. 67, 88 (D.D.C. 2005).

> **Defendants' Position**:

Plaintiff has invoked the Court's jurisdiction under the APA.  Under applicable case law, the Court's review of a final agency action, or to compel agency action, is generally based on and limited to the administrative record.  Accordingly, extra-record discovery and consideration of extra-record evidence, including of privileged documents, is improper and inappropriate, except in very limited circumstances.

Defendants further maintain that the fiduciary exception should not apply to privileged documents of the Government.  Defendants propose that the parties should brief this issue at the appropriate juncture in this case.

## C.    Matters to be Discussed by the Parties Pursuant to Local Civil Rule 16.3(c)

**1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

**Plaintiff's Position:**  Plaintiff-Beneficiary anticipates the "Declaratory Relief" phase of this case will likely be resolved on the basis of the dispositive motion to be filed within 30 days of the conclusion of the Phase I discovery.  Trustee-Delegates will be given 30 days to respond to that motion, and Plaintiff-Beneficiary thereafter allowed 15 days in which to submit a reply.  In the event of any issues of material fact remain to be decided following the Court's ruling on Plaintiff-Beneficiary's motion, those issues will be addressed in the Phase I trial proposed to be specially set no later than May of next year.

21

In the event the Court decides the issues of Trustee-Delegates' accounting obligation and breach of trust duty in Plaintiff-Beneficiary's favor, the next step is to put in place a second case management order in preparation of the Accounting Trial. At that Accounting Trial, Trustee-Delegates will present their proofs reflecting the steps taken to accomplish the court-declared duty to account. Plaintiff-Beneficiary then will be permitted to except to Trustee-Delegates' evidence and make any other appropriate objections including on admissibility. The finalized accounting will provide sufficient information for the plaintiff beneficiaries to readily ascertain whether the trust obligations were faithfully carried out. To the extent that the evidence shows Trustee-Delegates' continuing failure to discharge their declared accounting duty, the record compiled in the Accounting Trial will serve as basis for this Court, sitting in equity, to determine what other remedial steps to take. In addition, the Accounting Trial findings will serve as proper basis for the Court to determine whether the Plaintiff-Beneficiary's account balances are accurately stated or need adjustment. The question of whether other equitable relief might be necessary – such as ordering Trustee-Delegates to enforce claims against third parties – also could be addressed in that same Trial or subsequent proceedings. Plaintiff-Beneficiary is loathe to extend proceedings, but this case does involve the complete accounting of a trust that has been delayed for decades. In view of the need for the foregoing, Plaintiff-Beneficiary believes it unlikely that Phase II proceedings will be concluded on the basis of a dispositive motion.

**Defendants' Position:** As explained in Section B.2 above, Defendants intend to seek a voluntary remand of the action to Interior. During the remand period, this case should be dismissed without prejudice, or, in the alternative, it should be stayed pending completion of the remand.

After the completion of the remand, Defendants will provide the complete accounting and determination, as well as the supporting administrative record, to Plaintiff.  At that time, should Plaintiff wish to proceed further with litigation before this Court, the case should be resolved by dispositive motions based on legal jurisdictional arguments or on the administrative record, as required by the APA.

2.    **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

**Plaintiff's Position:**  Plaintiff-Beneficiary does not anticipate the need to join any additional parties or file any amendments at this time.  In view of counsel's differences with respect to whether the case is exempted from Rule 26 requirements, the parties have not reached any agreements regarding factual or legal issues.

**Defendants' Position:**  At present, Defendants do not plan to join other parties or to amend their Answer.  Further, Defendants do not believe that the parties are in a position at this time to stipulate to any factual or legal issues.  As explained in Section B.2 above, the case should be remanded to Interior for completion of the agency action.  Defendants are currently unable to determine whether they will need to join other parties or amend the Answer and whether the parties can agree upon or narrow some or all of the factual and legal issues in the future, after Interior's completion of the remand.

3.    **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

US2000 9982507.1

**Plaintiff's Position:**  Plaintiff-Beneficiary respectfully requests that the Court refrain from assigning a magistrate to this case.  It seems unlikely that a magistrate judge would be able to assist in the efficient resolution of this matter.

**Defendants' Position:**  Defendants do not believe that this case should be assigned to a magistrate judge for all purposes, including trial.  Defendants do not see the need for a trial in the case, given that it is brought pursuant to the APA.

4.     **Whether there is a realistic possibility of settling the case**.

The parties' respective positions concerning this issue are outlined in Section B.3 above.

5.     **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

(i)     **the client's goals in bringing or defending the litigation;**

(ii)     **whether settlement talks have already occurred and, if so, why they did not produce an agreement;**

(iii)     **the point during the litigation when ADR would be most appropriate, with special consideration given to:**

(aa)     **whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of**

24

discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

(iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

**Plaintiff's Position:**  At this early stage, it is unclear to Plaintiff-Beneficiary whether this case could benefit from ADR.  While Plaintiff-Beneficiary welcomes the opportunity to engage in meaningful settlement discussions at any time – with or without ADR – Plaintiff-Beneficiary also believes that the prospects for resolving this matter in a timely fashion will be best served by the Court's issuance of a Case Management Order which establishes bifurcated proceedings and firm deadlines as proposed in Section B.1 above.  So too, Plaintiff-Beneficiary opposes the adoption of any ADR procedure that may have the consequence, however unintended, of delaying progress in the litigation, or any such procedure that would cause Plaintiff-Beneficiary to incur ADR-related expense.

**Defendants' Position:**  Defendants believe that the case could benefit from the Court's ADR procedures or some form of ADR.  At this time, Defendants are unable to determine Plaintiff's level of interest in undertaking an ADR process in the case.

25

Accordingly, Defendants are unable to state what related steps should be taken to facilitate such ADR. Defendants' counsel have discussed ADR and their response to this provision with the appropriate representatives of the Interior and Treasury Departments. The agency representatives concur with the position taken by Defendants' counsel.

6.    **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

**Plaintiff's Position:**    Plaintiff-Beneficiary's views regarding these matters are set forth in Sections B.1 and C.1 above. Consistent with the Case Management Plan outlined in Plaintiff's Statement of the Case (*see* Section B.1 above), Trustee-Delegates' proposal that further court proceedings be indefinitely deferred pending a "voluntary remand" of the action to Interior should be rejected out-of-hand.

**Defendants' Position:**    Defendants believe that, in concept, this case can be resolved by summary judgment motion. They also believe that it is presently premature to propose dates for such briefings or for rulings on the briefings. That is because, as explained in Section B.1 above, Defendants intend to seek a voluntary remand of the action to Interior.

After the completion of the remand, Defendants will provide the complete accounting and determination, as well as the supporting administrative record, to Plaintiff. At that time, should Plaintiff wish to proceed further with the litigation before this Court, the parties would propose a schedule for summary judgment briefing.

Defendants intend to file a motion for voluntary remand and to propose a briefing schedule for such motion within 60 days of entry of the Court's scheduling Order.

7.     **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

<u>**Plaintiff's Position:**</u>  The parties have not stipulated to dispense with the initial disclosures required under Federal Rule 26(a)(1), and Plaintiff-Beneficiary would not favor doing so.  Plaintiff-Beneficiary's position regarding this issue is set forth in additional detail in Section B.4 and Section B.5 above.

As for Trustee-Delegates' stated willingness to produce relevant trust records notwithstanding their contention that they are exempted from Section 26(a)(1)'s disclosure requests (see below), Plaintiff-Beneficiary would welcome the production of such materials without further delay.  Plaintiff-Beneficiary also is prepared to work together with the Court and defense counsel to develop an appropriate form of consent order reflecting any such agreed-upon productions, as well as an appropriate form of protective order per FRCP 26(c) preventing the unwarranted third-party disclosure of any materials designated as confidential information.  *See* Section C.8 below.

<u>**Defendants' Position:**</u>  Plaintiff has invoked the Court's jurisdiction under the APA. Under applicable case law, the Court's review of a final agency action is generally based on and limited to the administrative record supporting that agency action.  Accordingly, extra-record discovery and consideration of extra-record evidence is improper and inappropriate, except in very limited circumstances.  Accordingly, the Court should dispense with the initial disclosures, expert witness disclosures, and formal discovery.[2]

---

[2] If the Court deems it appropriate for Plaintiff to propound extra-record evidence pursuant to one of the limited exceptions to the general principles of APA record review, however, the Court

27

Notwithstanding the foregoing, however, Defendants are willing to engage in the informal exchange with and production to Plaintiff of certain relevant or potentially relevant documents and data. These documents and data include but are not limited to the results relating to Plaintiff of Interior's Tribal trust fund account reconciliation project (which was conducted pursuant to the 1994 American Indian Trust Management Reform Act, 25 U.S.C. § 4014, and prepared by Interior's contractor Arthur Andersen, LLP); statements of performance relating to Plaintiff's trust accounts; and Summary and Detail of Trust Funds Reports. Defendants are willing to engage in such informal document and data exchanges and productions so as to enhance the possibility of settlement or ADR discussions herein.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

**Plaintiff's Position:** The Case Management Order proposed for entry by Plaintiff-Beneficiary would provide for discovery to occur in two distinct phases per the bifurcated approach outlined in Sections C.2 and C.5. Per the Case Management Order attached hereto, Phase I discovery would be required to be completed within 180 days of the issuance of the Order. A separate order would then issue within 30 days following the resolution of the Phase I issues outlined above and the Court's determination that Trustee-Delegates have a fiduciary duty to account that they have breached.

---

should require Plaintiff to disclose any such extra-record evidence pursuant to Fed. R. Civ. P. 26(a)(1) and to supplement that evidence in a timely manner, as required by Rule 26, so that Plaintiff's disclosures are complete at least three months before the start of briefing on any dispositive motions.

28

Given the nature and scope of this litigation[3] (*e.g.*, by Trustee-Delegates' own estimates, as provided by government contractor Arthur Andersen LLP, the United States handled some $4,180,525,269.00 in transactions for the Passamaquoddy Tribe between 1972 and 1992), Plaintiff-Beneficiary does not believe that presumptive limits on written and oral discovery imposed by the Federal Rules of Civil Procedure are pertinent or advisable. In support of its position, Plaintiff-Beneficiary notes that in the *Cobell* trust accounting case this Court ruled over a decade ago that the presumptive limits on discovery would not apply. The same approach is clearly warranted here.

With respect to whether a protective order may be appropriate in this matter. Plaintiff-Beneficiary anticipates there will be need to enter such an order to protect Plaintiff-Beneficiary's sensitive financial data and other confidential information against unwarranted third-party disclosure. As discussed during counsel's April 11 meeting, however, Plaintiff-Beneficiary would oppose the adoption of any form of "umbrella" protective order that is so broad in its scope that it permits materials to be identified as "confidential" without making any showing of the "good cause" for such protection required by FRCP 26(c). Accordingly, Plaintiff-Beneficiary believes this may be an issue to be addressed by the parties or raised with the Court at the same time that Trustee-Delegates' exemption arguments are addressed.

As previously stated, Plaintiff-Beneficiary takes issue with Trustee-Delegates' attempt to characterize this action in equity to enforce Trustee-Delegates' trust duty to account improperly as an APA action involving review of an administrative record. This is a

---

[3] Because the beneficiary of a trust is entitled to receive "information necessary to protect his rights under the trust," *Clifford v. United States*, 136 F.3d 144, 152 (D.C. Cir. 1998), production in trust cases is required even if it exceeds ordinary discovery obligations in civil proceedings. *See, e.g., Austin v. Turrentine*, 30 Cal. App. 2d 750, 87 P.2d 72 (1939); *Strauss v. Superior Court*, 36 Cal. 2d 396, 224 P.2d 726 (1950).

US2000 9982507.1

trust case brought under 28 U.S.C. § 1331 – quite apart from the APA.  So too, the "voluntary remand" of this case to Interior proposed by Trustee-Delegates would merely exacerbate the already "unconscionable" delay attributable to Trustee-Delegates' long-standing violation of their trust duties.  *See* Plaintiff's Statement of the Case (Section B.1 above).

**Defendants' Position:**  This case is brought pursuant to the provisions of the APA. Therefore, judicial review in the case is generally limited to the agency's administrative record, and discovery is generally prohibited.

Defendants maintain that the Court should remand this case to Interior so that it can exercise its primary responsibility and discretion to define and complete the accounting for the Tribe, as Interior deems required under its statutory and regulatory mandates.  *See* Section I.B above.  In such an event, the Court should dismiss the case without prejudice or stay the litigation pending the completion of the remand.  Therefore, discovery before or during the remand is inappropriate and should not be allowed.

Defendants maintain that, after the completion of the remand and the submission by Interior of an administrative record to Plaintiff, there is also no need or basis for discovery in the case.  At that point, any judicial review of Interior's accounting and account balance determination in this Court would generally be confined to the administrative record for that accounting and determination, and extra-record discovery is generally impermissible, except in limited circumstances.

Defendants believe that, at a minimum, a protective order will be necessary to enable Defendant to produce, formally or informally, to Plaintiff certain documents and data that contain confidential information (*e.g.*, protected by the Privacy Act).

US2000 9982507.1

To the extent that the Court deems discovery to be appropriate and permissible herein, Defendants maintain that Plaintiff's proposal does not allow sufficient time to conduct discovery. Potentially relevant documents are located at the AIRR and may be located in hundreds, if not thousands, of boxes. In order for Defendants to respond to Plaintiff's document production requests, the parties would have to identify the boxes that might contain responsive documents; the Solicitor's Office would have to conduct a pre-inspection privilege review of those boxes; Plaintiff would have to inspect the boxes and identify those documents it wishes to have produced; and Defendant would have to image, code, and conduct a post-inspection confidentiality and privilege review, before producing the images of the requested documents to Plaintiff. Based on Defendants' experience in other Tribal trust accounting and trust mismanagement cases, depending on the documents requested by Plaintiff, the 180 days proposed by Plaintiff would likely not be sufficient to complete this production process. Until Plaintiff propounds document requests, Defendants are unable to provide a fully accurate estimate as to the amount of time that the Court should allow to complete document productions. Nevertheless, Defendants note the inconsistency in Plaintiff's position in urging both that there be no limits on discovery, but that such discovery be complete in 180 days.

9.    **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

**Plaintiff's Position:**  Discovery in this equitable trust accounting case is clearly appropriate, as this Court has previously determined in the *Cobell* trust litigation. *See Cobell v. Norton*, 226 F.R.D. 64, 92 (D.D.C. 2005) (rejecting Trustee-Delegates' contrary argument

as "unfounded").  Thus, after a total of 120 days of fact discovery dating from the entry of

the Case Management Order governing Phase I proceedings, Plaintiff-Beneficiary would be

directed to make disclosures pursuant to Federal Rule 26(a)(2).  Trustee-Delegates in turn

would have 30 days from Plaintiff-Beneficiary's disclosures within which to submit their

disclosures pursuant to Federal Rule 26(a)(2)(B).  And the parties thereafter would have an

additional 30 days within which to complete discovery concerning such disclosures,

including the depositions of the parties' experts.  *See also* Section A.5(a)-(b) above.

<u>**Defendants' Position:**</u>  This case is brought pursuant to the provisions of the APA.

Therefore, judicial review in the case is generally limited to the agency's administrative

record, and expert witness reports, information, and depositions, especially if they are extra-

record and post-decisional, are generally prohibited.

Defendants maintain that the Court should remand this case to Interior so that it can

exercise its primary responsibility and discretion to define and, as it deems required under its

statutory and regulatory mandates, complete the accounting for the Tribe.  *See* Section I.B

above.  In such an event, the Court should dismiss the case without prejudice or stay the

litigation pending the completion of the remand.   Therefore, expert witness reports,

information, and other discovery before or during the remand are inappropriate and should

not be allowed.

Defendants maintain that, after the completion of the remand and the submission of

an administrative record to Plaintiff there is also no need or basis for expert witness reports,

information, and other discovery in the case.  At that point, any judicial review of Interior's

accounting and account balance determination in this Court would generally be confined to

the administrative record for that accounting and determination, and extra-record, post-decisional expert witness reports, information, and depositions are prohibited.

To the extent that the Court deems that the exchange of expert witness reports and information is appropriate, Defendants object to Plaintiff's proposal regarding the time allowed for expert disclosures and any additional discovery following those disclosures as being too short, especially given the complexity of the issues and claims herein. Therefore, if extra-record expert discovery were to proceed herein, Defendants propose that the scheduling of any expert disclosures await the outcome and completion of fact discovery.

10. **In class actions, appropriate procedures for dealing with Fed. R. Civ. P. 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Fed. R. Civ. P. 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This provision does not apply to this case.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**Plaintiffs Position:** As indicated in Plaintiff's Statement of the Case (*see* Section B.1 above), Plaintiff-Beneficiary proposes that this litigation be divided into two phases: (1) Declaratory Relief and (2) Accounting Trial & Remedies.

Plaintiff-Beneficiary strongly disagrees with Trustee-Delegates' contention that there is no need for discovery or trial proceedings in this litigation. Trustee-Delegates' contrary view is apparently based on their mistaken assumption that this case has been "brought under the APA" when, as explained above, Plaintiff-Beneficiary's principal cause of action arises

US2000 9982507.1

under the federal statutes and regulations which create this trust.  Jurisdiction is found in 28 U.S.C. § 1331.  *See* Section B.1 above.

With respect to the other cases which Trustee-Delegates reference below, Plaintiff-Beneficiary notes that many of the other tribal trust accounting cases pending before this Court have been stayed.  They thus should present no impediment to the Court's proceeding to adopt the Case Management Plan proposed by Plaintiff-Beneficiary for this case and the other actions in which the tribal beneficiaries are also represented by Plaintiff-Beneficiary's counsel.

**Defendants' Position:**  Given that this case has been brought under the APA, there should be no trial or discovery herein.  Hence, there is no need for trial or discovery bifurcation or management in phases.

Defendants propose the following management of the entire case.  As explained in Section B.2 above, Defendants intend to seek a voluntary remand of the action to Interior. Upon the granting of the remand, the case should be dismissed without prejudice, or, in the alternative, it should be stayed pending completion of the remand.  No discovery should be allowed.

After the completion of the remand, Defendants will provide the complete accounting and determination, as well as the supporting administrative record, to Plaintiff.  At that time, should Plaintiff wish to proceed further with the litigation before this Court, the case should be resolved by dispositive motion, based on legal jurisdictional grounds or on the administrative record, as required by the APA.  No fact or expert discovery should be permitted.

Defendants note the following:

a.      Plaintiff has related this case to *Osage Tribe of Indians of Oklahoma v. United States (Osage)*, No. 04cv00283-JR (D.D.C.).   *Osage* has been related to *Cobell v. Kempthorne*, No. 96-cv-01285-JR (D.D.C.).   Therefore, this case is related by extension to *Cobell*.   In *Cobell*, the Court has scheduled a trial or an evidentiary hearing of Interior's accounting project for the individual Indian money accounts, on October 10, 2007.   The outcome of that trial may have some effect on the accounting and account balance determination that Interior intends to undertake or complete for Plaintiff herein.

b.      Plaintiff's counsel herein represent the Tribes in four cases currently pending before this Court:  *Ak-Chin Indian Community v. Kempthorne*, No. 06-cv-02245-JR; *Passamaquoddy Tribe of Maine v. Kempthorne*, No. 06-cv-02240-JR; *Salt River Pima-Maricopa Indian Community v. Kempthorne*, 06-cv-02241, and *Tohono O'odham Nation v. Kempthorne*, No. 06-cv-02236-JR.   All of these cases have been related to *Osage* and, by extension, to *Cobell* as well.

c.      The Tribes in *Ak-Chin, Passamaquoddy, Salt River Pima-Maricopa*, and *Tohono O'odham* raise the same trust accounting and trust mismanagement issues and claims, and they seek the same relief.   Defendants intend to seek remands in each of these cases, so that Interior can complete accountings and make determinations regarding restatements of account balances for each of these Tribes.

d.      In addition, Plaintiffs' counsel has filed and is maintaining companion cases for damages in the United States Court of Federal Claims.   *See Salt River Pima-Maricopa Indian Community v. United States*, No. 06cv00943-LMB (Fed. Cl.)*; Ak-Chin Indian Community v. United States*, No. 06cv00932-ECH (Fed. Cl.); *Passamaquoddy Tribe*

35

*of Maine v. United States*, No. 06cv00942-LJB (Fed. Cl.); and *Tohono O'odham Tribe v. United States*, No. 06cv00944-EGB (Fed. Cl.).

       e.     At present, Defendants are handling about 103 Tribal trust accounting and trust mismanagement cases that have been brought in the United States District Courts and the Court of Federal Claims.  There are about 37 cases in this Court; nine in various District Courts in Oklahoma; and 57 cases in the Court of Federal Claims.

      12.    **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    **Plaintiff's Position:**  Should the Court determine that issues of fact remain with regard to Phase I issues, the Court would need to schedule a pretrial conference in advance of a Phase I trial, which Plaintiff-Beneficiary proposes be scheduled for no later than May 2008. The Court also would need to schedule a pretrial conference in advance of the Phase II Accounting & Remedies Trial described above.  Plaintiff-Beneficiary further proposes that dates for the Phase II pre-trial conference and Accounting Trial be set in the same scheduling order to be issued within 30 days after the Court's Phase I determinations are made.

    **Defendants' Position:**  There is no need for a pretrial conference in a case to be resolved by dispositive motion, as required by the APA.

      13.    **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    **Plaintiff's Position:**  As noted above, Plaintiff-Beneficiary proposes that the Court set the Phase I trial date for no later than May 2008 and that the Court set a trial date with regard to Phase II in the same scheduling order to be issued with respect to Phase II

US2000 9982507.1

discovery and the pre-trial conference.  Plaintiff-Beneficiary takes issue with Trustee-Delegates' contention that no such trial or evidentiary hearing should be scheduled.  *See* Plaintiff's Statement of the Case (Section B.1 above).

**Defendants' Position:**  There is no need for a trial or evidentiary hearing in a case to be resolved by dispositive motion, as required by the APA.

14.    **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

**Plaintiff's Position:**    Plaintiff-Beneficiary respectfully requests that the Court schedule a status conference to address Trustee-Delegates' contention that this action is exempted from Rule 26 requirements.  As noted above, Plaintiff-Beneficiary takes issue with Trustee-Delegates' attempt to characterize the litigation as involving "an action for review on an administrative record."  *See* FRCP 26(a)(1)(E)(i).  Given the potential disruption of further case proceedings resulting from Trustee-Delegates' taking of such a position, Plaintiff-Beneficiary respectfully requests that this issue be addressed and decided at the Court's earliest convenience.  For this same reason, Plaintiff-Beneficiary urges that Trustee-Delegates' request for a scheduling order deferring further court proceedings until after Trustee-Delegates' motion for voluntary remand is presented and decided be rejected out-of-hand.    Plaintiff-Beneficiary requests instead that the Court enter its proposed Case Management Order directing that this trust case proceed in the two Phases outlined in Section B.1 of the Parties' Joint Report.

**Defendants' Position:**  Defendants believe that the only matter appropriate for inclusion in a scheduling order at this time is the briefing and ruling on Defendants' motion for voluntary remand.

37

D.     **<u>Proposed Scheduling Orders.</u>**

The parties append their proposed scheduling orders hereto.

Respectfully submitted this the 16th day of May, 2007.

KILPATRICK STOCKTON LLP

MATTHEW J. MCKEOWN
Acting Assistant Attorney General

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com

Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
Passamaquoddy Tribe of Maine

/s/ Laura M.L. Maroldy
LAURA M.L. MAROLDY
Fed. Bar #MD024409
United States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
TEL: (202) 514-4565
FAX: (202) 353-2021

OF COUNSEL

MARTIN J. LALONDE
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247 (Mr. LaLonde)
Tel: (202) 305-0241 (Mr. Hoang)
Fax: (202) 353-2021

THOMAS KEARNS
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL HOWARD
Office of Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PASSAMAQUODDY TRIBE OF MAINE, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 06-CV-02240-JR Judge James Robertson |
| DIRK KEMPTHORNE, ROSS O. SWIMMER and HENRY M. PAULSON, | ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing PARTIES' JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(F) AND LOCAL RULE 16.3 was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

> Laura M.L. Maroldy, Esq.
> United States Department of Justice
> Environment and Natural Resources Division
> Natural Resources Section
> P.O. Box 663
> Washington, D.C.  20044-0663

This 16th day of May, 2007.

> /s/ Keith Harper
> KEITH HARPER
> D.C. Bar No. 451956
> E-mail: kharper@kilpatrickstockton.com
> G. WILLIAM AUSTIN

D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com

Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
Passamaquoddy Tribe of Maine

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PASSAMAQUODDY TRIBE OF MAINE, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 06-CV-02240-JR Judge James Robertson |
| DIRK KEMPTHORNE, ROSS O. SWIMMER and HENRY M. PAULSON, | ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S PROPOSED CASE MANAGEMENT AND PHASE ONE SCHEDULING ORDER

Upon review of the information contained in the Parties' Joint Report Pursuant to Fed.R.Civ.P. 26(f) and Local Civil Rule 16.3, and in accordance with Federal Rule 16(b) and Local Civil Rule 16.4, the Court orders as follows:

1.      Bifurcation:  This action will be divided into two phases:  (1) Declaratory Relief; and (2) Accounting Trial & Remedies.

(a)      *Declaratory Relief* - Phase I will address and resolve the questions of whether Defendants have a fiduciary duty to account and whether they are in breach of this trust duty as claimed by Plaintiff.  The parties must file dispositive motions within 30 days of the conclusion of Phase I discovery (*see* Paragraph 2(b)).  In the event issues of material fact remain regarding Phase I issues, a pretrial conference will be held and a trial will be specially set to occur no later than May 2008.

(b)      *Accounting Trial & Remedies* -  Should the Court rule in favor of Plaintiff on Phase I issues, within 30 days of such ruling, the Court will issue a further scheduling order

governing the Phase II proceedings.  Although the details of the further order will not need to be determined until after Phase I, it is anticipated that the "Accounting Trial & Remedies" phase, which will also entail factual and expert discovery, would require an additional 12-month period to be completed.  At the Accounting Trial, Defendants will present their proofs reflecting the steps taken to accomplish the court-declared duty to account.  Plaintiff then will be permitted to except to Defendants' evidence and make any other appropriate objections including on admissibility.  The Accounting Trial findings will serve as proper basis for the Court to determine whether the Plaintiff's account balances are accurately stated or need adjustment.  The question of whether other equitable relief might be necessary also would be addressed in that same Trial.

2.    Discovery:  In light of the nature of this action, the presumptive limits on written and oral discovery imposed by the Federal Rules do not apply.

(a)    *Required Disclosures* - In response to allegations in the Complaint that Defendants have breached their trust duty to account for Plaintiff's trust funds and assets, Defendants make reference to "financial and accounting data and documentation," "statements of account" and other "trust account information" they claim to have furnished to Plaintiff.  *See* Answer at ¶¶ 2, 3, 5, 21, 30, 34, 36, 37, 38.  Defendants shall produce any and all such referenced materials within 30 days of this Order and specify at that same time which of the produced items (if any) Defendants contend constitutes a complete and accurate accounting of all trust assets belonging to Plaintiff.  Defendants shall include in this production all workpapers and other background source documents related thereto.

(b)    *Phase I Discovery* - All Phase I fact discovery must be completed within 90 days of Defendants' required disclosures made pursuant to Paragraph 2 (a).  Plaintiff must

make its expert disclosures pursuant to Federal Rule 26(a)(2) by the close of Phase I fact discovery, and Defendants have 30 days from Plaintiff's disclosures within which to submit their expert disclosures pursuant to Federal Rule 26(a)(2)(B). The parties have an additional 30 days within which to complete the Phase I discovery concerning such disclosures, including the depositions of the parties' experts.

(c)     *Phase II Discovery* - As noted in Paragraph 1(b), a separate scheduling order will issue in the event of a ruling in Plaintiff's favor at the completion of Phase I. This later scheduling order will establish the dates for the parties' completion of any further discovery related to Phase II issues. Deadlines for the disclosure of experts' reports, expert depositions, and the dates of the final pre-trial conference and the Accounting Trial also will be established at that time.

3.     <u>Dispositive Motions</u>:  All dispositive motions must be filed within 30 days of the conclusion of  Phase I discovery.  Parties will be given 30 days to respond to such motions, and the movant thereafter allowed 15 days in which to submit a reply.


SO ORDERED this _____ day of _____, 2007.


_____
Hon. James Robertson
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PASSAMAQUODDY TRIBE OF     )
MAINE               ,     )
     )
     Plaintiff,     )
     )
     v.     )     Case No. 06-cv-02240-JR
     )     Judge James Robertson
DIRK KEMPTHORNE, Secretary of the     )
Interior, *et alia*,     )
     )
     Defendants.     )
_____)

**[DEFENDANTS' PROPOSED] SCHEDULING ORDER**

This matter is before the Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), Local Civil Rule 16.4, and the parties' Joint Report pursuant to Local Civil Rule 16.3 and Fed. R. Civ. P. 26(f). Upon consideration of the Joint Report and the parties' proposed scheduling orders, it is hereby ORDERED that, for good cause shown and pursuant to Fed. R. Civ. P. 16:

1.     Defendants shall file their motion for voluntary remand within 60 days from entry of this Order;

2.     Plaintiff shall file its opposition or response to Defendants' motion 28 days thereafter;

3.     Defendants shall file their reply to Plaintiff's opposition or response within 21 days of the filing of Plaintiff's response.

4.     Until further order of the Court deciding the remand request, this case shall proceed as one for judicial review of agency action under the Administrative Procedure Act (APA), 5 U.S.C.

§§ 500-706.  Therefore, the case is exempt from the requirement to make initial disclosures pursuant

to Rule 26.  Further, there shall be no discovery except by leave of the Court.

SO ORDERED.

_____
HON. JAMES ROBERTSON
United States District Judge