**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Assiniboine & Sioux Tribes of :
the Fort Peck Indian           :   Civil Action No. 02-0035 (JR)
Reservation v. Norton, et al. :

Standing Rock Sioux Tribe v.   :
Norton, et al.                 :   Civil Action No. 02-0040 (JR)

Three Affiliated Tribes of     :
the Fort Berthold Reservation :   Civil Action No. 02-0253 (JR)
v. Norton, et al.              :

Shoshone-Bannock Tribes of     :
the Fort Hall Reservation v.   :   Civil Action No. 02-0254 (JR)
Norton, et al.                 :

Chippewa Cree Tribe of the     :
Rocky Boy's Reservation v.     :   Civil Action No. 02-0276 (JR)
Norton, et al.                 :

Yankton Sioux Tribe v.         :
Norton, et al.                 :   Civil Action No. 03-1603 (JR)

Osage Tribe of Indians of      :
Oklahoma v. USA, et al.        :   Civil Action No. 04-0283 (JR)

Crow Creek Sioux Tribe v.      :
Kempthorne, et al.             :   Civil Action No. 04-0900 (JR)

Omaha Tribe of Nebraska v.     :
Kempthorne, et al.             :   Civil Action No. 04-0901 (JR)

Oglala Sioux Tribe v.          :
Kempthorne, et al.             :   Civil Action No. 04-1126 (JR)

The Confederated Tribes of     :
the Colville Reservation v.    :   Civil Action No. 05-2471 (JR)
Norton, et al.                 :

Wyandot Nation of Kansas v.    :
Kempthorne, et al.             :   Civil Action No. 05-2491 (JR)

Rosebud Sioux Tribe v.         :
Kempthorne, et al.             :   Civil Action No. 05-2492 (JR)

```
Winnebago Tribe of Nebraska    :
v. Kempthorne, et al.          :    Civil Action No. 05-2493 (JR)


Lower Brule Sioux Tribe v.     :
Kempthorne, et al.             :    Civil Action No. 05-2495 (JR)


Prairie Band of Potawatomi     :
Nation v. Kempthorne, et al.   :    Civil Action No. 05-2496 (JR)


Te-Moak Tribe of Western       :
Shoshone Indians v.            :    Civil Action No. 05-2500 (JR)
Norton, et al.                 :


Cheyenne River Sioux Tribe v.  :
Kempthorne, et al.             :    Civil Action No. 06-1897 (JR)


Stillaguamish Tribe of         :
Indians v. Kempthorne, et al.  :    Civil Action No. 06-1898 (JR)


Iowa Tribe of Kansas and       :
Nebraska v. Kempthorne, et al.:     Civil Action No. 06-1899 (JR)


Confederated Tribes of the     :
Goshute Reservation v.         :    Civil Action No. 06-1902 (JR)
Kempthorne, et al.             :


Muskogee (Creek) Nation of     :
Oklahoma v. Kempthorne, et al.:     Civil Action No. 06-2161 (JR)


Eastern Shawnee Tribe of       :
Oklahoma v. Kempthorne, et al.:     Civil Action No. 06-2162 (JR)


Northwestern Band of Shoshone  :
v. Kempthorne, et al.          :    Civil Action No. 06-2163 (JR)


Red Cliff Bank of Lake         :
Superior Indians v.            :    Civil Action No. 06-2164 (JR)
Kempthorne, et al.             :


Pechanga Band of Luiseno       :
Mission Indians v.             :    Civil Action No. 06-2206 (JR)
Kempthorne, et al.             :


Colorado River Indian Tribes   :
v. Kempthorne, et al.          :    Civil Action No. 06-2212 (JR)


Tohono O'Odham Nation v.       :
Kempthorne, et al.             :    Civil Action No. 06-2236 (JR)
```

```
Nez Perce Tribe, et al. v.        :
Kempthorne, et al.                :   Civil Action No. 06-2239 (JR)

Passamaquoddy Tribe of            :
Maine v. Kempthorne, et al.       :   Civil Action No. 06-2240 (JR)

Salt River Pima-Maricopa          :
Indian Community v.               :   Civil Action No. 06-2241 (JR)
Kempthorne, et al.                :

Coer D'Alene Tribe v.             :
Kempthorne, et al.                :   Civil Action No. 06-2242 (JR)

Ak-Chin Indian Community v.       :
Kempthorne, et al.                :   Civil Action No. 06-2245 (JR)

Sokaogon Chippewa Community       :
v. Kempthorne, et al.             :   Civil Action No. 06-2247 (JR)

Gila River Indian Community       :
v. Kempthorne, et al.             :   Civil Action No. 06-2249 (JR)

Northern Cheyenne Tribe of        :
Indians v. Kempthorne, et al.     :   Civil Action No. 06-2250 (JR)

Haudenosaunee: The Onondaga       :
Nation v. Kempthorne, et al.      :   Civil Action No. 06-2254 (JR)
```

## MEMORANDUM ORDER

Defendants have moved for a six-month remand and stay of litigation in each of the 37 tribal lawsuits pending before me.  See, e.g., Tohono O'Odham Nation v. Kempthorne, 06-2236, [Dkt. 17, 18].  The plaintiff tribes all oppose the motion.  The motion is fully briefed.  No party has requested oral argument. For the reasons set forth below, the motion will be **denied.**

**Background**

On December 14, 2006, 21 of these suits were
transferred to me with the Individual Indian Money account
lawsuit, Cobell v. Kempthorne, No. 96-1285.  Sixteen additional,
similar suits were filed immediately thereafter.  In all 37
cases, tribal plaintiffs raise accounting and mismanagement
claims regarding assets and funds held in trust by the United
States.  At the time they were transferred to me, many of the
older cases were in active settlement discussions.  All were
moving along -- or not moving -- with relatively limited judicial
involvement.  See, e.g., Oct. 22, 2007 Supplemental Memorandum of
Plaintiffs Assiniboine and Sioux Tribes of the Fort Peck Indian
Reservation v. Norton, No. 02-0035, Standing Rock Sioux Tribe v.
Norton, No. 02-0040, and Shoshone-Bannock Tribes of the Fort Hall
Reservation v. Norton, No. 02-0454, at 11-12.  At a June 6, 2007,
status conference in the newer cases of Salt River Pima-Maricopa
Indian Community v. Kempthorne, No. 06-2241, Ak-Chin Indian
Community v. Kempthorne, No. 06-2245, Passamaquoddy Tribe of
Maine v. Kempthorne, No. 06-2240, and Tohono O'Odham Nation v.
Kempthorne, No. 06-2236, defendants requested a 60-day discovery
stay within which to file a motion to remand those four cases.
The government resisted my invitation to move for a remand in all
the tribal cases, explaining that each case involves one or more
unique sovereign-to-sovereign relationships, and that substantial

- 4 -

differences between the cases cautioned against a unified
approach.  After considering those arguments, I ordered that any
remand motion or motions the government wished to file would be
due by August 1, 2007, and that, in those cases in which no such
motion was filed, the government would be deemed to have waived
the issue.  Pursuant to Fed. R. Civ. P. 42(a), I consolidated the
cases for the limited purpose of resolving the remand motion.

The government then filed identical motions in all 37
tribal suits.  See, e.g., Motion to Remand And Stay Litigation,
Nez Perce Tribe, et al. v. Kempthorne, No. 06-2239 [Dkt. 37].  On
October 1, 2007, plaintiffs Ak-Chin Indian Community,
Passamquoddy Tribe of Maine, Salt River Pima-Maricopa Indian
Community, and Tohono O'Odham Nation filed a brief opposing the
remand motion.  See, e.g., Memorandum in opposition to Motion to
Remand and for Stay of Litigation, Ak-Chin Indian Community v.
Kempthorne, No. 06-2245 [Dkt. 22].  That brief was filed on
behalf of all the litigating tribes except the Osage Tribe of
Indians of Oklahoma and the Gila River Indian Community, who
(together) filed their own opposition brief.  See, e.g.,
Memorandum in opposition to Motion to Remand and for Stay of
Litigation, Osage Tribe of Indians of Oklahoma v. Kempthorne, No.
04-0283 [Dkt. 51].  On October 22, 2007, supplemental opposition

- 5 -

briefs[1] were filed by (1) Nez Perce Tribe, (2) Coeur d'Alene
Tribe and the Confederated Tribes of the Colville Reservation,
(3) Ak-Chin Community, and (4) Assiniboine & Sioux Tribes of the
Fort Peck Reservation, Shoshone-Bannock Tribes of the Fort Hall
Reservation, and Standing Rock Sioux Tribe.  The government filed
its reply on November 21, 2007.

## Discussion

A June 18, 2007, government memorandum requesting
limited consolidation for the remand motion it then expected to
file in the Tohono O'Odham, Salt River Pima-Maricopa, Ak-Chin,
and Passamaquoddy cases indicated that, if remand were granted,
the Interior department would "define and complete the accounting
for those Tribes as Interior deems required under its statutory
and regulatory mandates . . . [and that] [u]pon completion of
that remand, Defendants [would] present the accountings, along
with the supporting administrative records, to Plaintiffs for
their review."  See, e.g., Defendants' Bench Memorandum on Case
Management, Passamaquoddy Tribe of Maine v. Kempthorne, No. 06-
2240 [Dkt. 12] at 2.  That undertaking echoed the status report
filed in those four cases on May 4, 2007.

---

[1]    On August 23, 2007, I ordered the tribal plaintiffs to
file one or more principal briefs by October 1, 2007, and any
supplemental briefs by October 22, 2007.  See, e.g., Oglala Sioux
Tribe v. Kempthorne, No. 04-1126 [Dkt. 47].

The actual remand motion the government has now filed
is not so optimistic.  Now, instead of defining, completing and
presenting its accountings to plaintiff tribes, the government
undertakes only to "prepare a historical accounting <u>plan</u> for all
tribes (including those that have not brought suit)."  <u>See, e.g.</u>,
Defendants' Reply in Support of its Motion for Remand,
<u>Passamaquoddy Tribe of Maine v. Kempthorne</u>, No. 06-2240 [Dkt. 20]
at 1 (emphasis added).  The motion will be denied, because
(1) the tasks defendants seek to perform on remand can be
undertaken without either a stay or a remand, (2) I am not
persuaded that a remand will facilitate the resolution of these
lawsuits, (3) the primary jurisdiction doctrine is inapplicable,
and (4) a voluntary remand would be inappropriate.

Before discussing those reasons further, I should note
that the use of the word "remand" in the context of these cases
is imprecise and even misleading.  In its ordinary usage, a
remand sends a case from one docket to another -- from a federal
court back to a state court after an improper removal, from an
appellate court back to a trial court after a reversal, or from a
reviewing court back to an administrative agency for further
proceedings.  It is the third of those examples that the
government presumably invokes when it asks for a remand here, but
the example does not fit.  These cases, like <u>Cobell</u>, sound in
traditional equity as well as in administrative law -- the exact

relationship of one to the other yet to be determined.  I use the word "remand" only because the parties do (and because, as noted below, the Court of Appeals does).

In his declaration supporting the remand motion, Special Trustee Ross Swimmer identifies several factors the agency will consider in developing its accounting plan.[2]  Nothing is stopping the agency from considering those matters now, however, or from moving forward with the development and implementation of an accounting plan.  The agency's desire for uninterrupted time to complete an accounting plan could not be fulfilled by the granting of its motion in any event, as 65 other tribal cases -- before 27 judges -- are pending in federal district courts in Oklahoma and the Federal Court of Claims. See, e.g., Memorandum in Support of Defendants' Motion for Remand and Stay of Litigation, Tohono O'Odham Nation v. Kempthorne, 06-2236 [Dkt. 18] at 19-20.

This court cannot and will not dictate the details of any tribal trust accounting plan.  However, it is the court's

---

[2]    Plaintiffs object to the court's consideration of the Swimmer declaration.  Their concerns stem from declarant's description of agency actions from the 1990's of which the declarant has, allegedly, no personal knowledge, as well as certain discrepancies between the declarant's current and former characterizations of Interior's capabilities in managing and accounting for tribal trusts.  I find it unnecessary to reach plaintiffs' objections, as I rely on the declaration only in so far as it sheds light on the actions the department would take and factors it would consider during a remand and stay.

obligation to define the trustee's legal duties and resolve the
various charges raised in plaintiffs' complaints.  I see no
reason to delay that process with a remand, the fruits of which
are unlikely to aid in the court's determination of such
threshold questions of duty and breach.  If, and when, the
defendants are found to be in breach of the fiduciary duties
identified in plaintiffs' complaints, it may be "proper . . . to
remand [sic] the case for further agency consideration in harmony
with the court's holding."  Cobell v. Norton, 240 F.3d 1081, 1109
(D.C. Cir. 2001).

       The doctrine of primary jurisdiction applies "when a
claim is originally cognizable in the courts, and comes into play
whenever enforcement of the claim requires the resolution of
issues which, under a regulatory scheme, have been placed within
the special competence of an administrative body."  Action for
Children's Television v. FCC, 59 F.3d 1249, 1257 (D.C. Cir.
1995), quoting United States v. Western Pacific Railroad Co., 352
U.S. 59, 63-64 (1956).  By contrast, resolution of claims raised
by plaintiff tribes requires analysis of trust and administrative
law principles "within the conventional competence" of the
district court.  Nader v. Allegheny Airlines, Inc., 426 U.S. 290,
305 (1976).  Consideration of the defendants' "fully-articulated
explanations of the features of an historic accounting for tribes
that it deems compliant with the law" may well be necessary in

ruling on summary judgment motions addressing the issues of duty and breach, Swimmer Decl. ¶ 21, but there is no compelling reason to postpone these cases for six months while the defendant articulates its response to trust-related concerns the department has been aware of for at least twenty years.  Such delay is precisely why the doctrine of primary jurisdiction "should be invoked sparingly."  <u>Red Lake Band of Chippewa Indians v. Barlow</u>, 846 F.2d 474, 476 (8th Cir. 1988).

        The government argues in the alternative that the court should grant the agency a voluntary remand.  Voluntary remands are appropriate where an agency seeks to consider "intervening events outside of the agency's control, [] reconsider its previous position . . . [or where an agency] believes that its original decision is incorrect on the merits and it wishes to change the result."  <u>SKF USA, Inc. v. United States</u>, 254 F.3d 1022, 1028-29 (Fed. Cir. 2001).  Defendants submit that "'lessons learned' from the current accounting work by OST . . . criticisms of prior tribal accounting work, and [the need to] provide an administrative record for the tribal accounting plan" constitute intervening events that should be analyzed during a voluntary remand.  Defendants' Reply Brief at 16.  These events do not constitute "substantial and legitimate" grounds for a remand in late 2007, however.  Criticisms of prior tribal accounting work have been lodged against the agency for more than ten years.  <u>See</u>

May 1996 GAO Report.  OST accounting work has been underway since the Office's inception, and the obligation to create tribal accounting plans has been evident for years.  While the department may have properly focused much of its effort on settlement negotiations with tribes in recent years, nothing prevented the agency from at least planning its historical accounting activities concurrently with those negotiations, in accordance with statutory mandates.

Consideration of the remand issue itself has delayed the tribal lawsuits nearly six months.  Granting the remand would therefore result in the delay of an entire year.  Defendants argue that plaintiffs would not suffer prejudice "considering the early stage of litigation at which this motion is filed." Defendants' Motion for a Remand and Stay at 33.  Though some of these cases were filed in the waning days of 2006, others were filed in 2002, and the department has been on notice of these concerns for decades.  In view of that history, a six-month delay at this juncture would be inappropriate.

It is accordingly **ORDERED** that the government's remand and stay motion is **denied**.  It is

**FURTHER ORDERED** that the temporary stay of litigation granted on July 2, 2007 is lifted.  And it is

**FURTHER ORDERED** that each plaintiff tribe, group of tribes, or putative class of tribes file a status report (only in

the appropriate individual case or cases) within 30 days of the date of this order, setting forth proposals for further proceedings and a proposed schedule.


                              JAMES ROBERTSON
                         United States District Judge