IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PASSAMAQUODDY TRIBE OF MAINE, ) ) ) | |
| Plaintiff, ) ) | Case No. 06-CV-02240-JR<br>Judge James Robertson |
| v. ) ) | **(Electronically filed on April 29, 2008)** |
| DIRK KEMPTHORNE, ROSS O. SWIMMER and HENRY M. PAULSON, ) ) ) ) | |
| Defendants. | |

### PLAINTIFF'S MOTION FOR ENTRY OF TRUST RECORD PRESERVATION ORDER

Pursuant to Fed. R. Civ. Pro. 7(b) and 16 and Local Civil Court Rule ("LCvR") 7, Plaintiff, the Passamaquoddy Tribe of Maine (the "Tribe"), respectfully moves for entry of the accompanying proposed Trust Record Preservation Order.

The Court has authority to enter a document preservation order in this case pursuant to its case management authority and the power to preserve evidence that is relevant to the subject of the litigation. Quite apart from its authority to preserve trust records under the Rules, the Court also has inherent equitable authority to order the preservation of trust records in compliance with Trustee-Delegates' fiduciary obligation to furnish critical information about the trust. As set forth in the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion, entry of the proposed order will protect such records against the risk of further destruction or loss, but without imposing an undue burden on Defendants.

In accordance with LCvR 7(m), counsel for Plaintiff has contacted counsel for Defendants by telephone to discuss this motion and determine whether there is any opposition to the relief sought. Counsel for Plaintiff is advised that this motion is opposed.

WHEREFORE, the Tribe respectfully requests that the Court grant its motion and enter the accompanying proposed Trust Record Preservation Order.

Respectfully submitted, this 29th day of April, 2008.

/s/ Keith M. Harper_____
KEITH M. HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621, Admitted *Pro Hac Vice*
Email: cmunson@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
607 14th Street, N.W., Suite 900
Washington, DC 20005
Tel: (202) 508-5844
Fax: (202) 585-0007

*Attorneys for Plaintiff*
Passamaquoddy Tribe of Maine

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE PASSAMAQUODDY TRIBE OF MAINE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, ROSS O. )<br>SWIMMER and HENRY M. PAULSON, )<br>)<br>Defendants. ) | Case No. 06-CV-02240-JR<br>Judge James Robertson<br>**(Electronically filed on April 29, 2008)** |

## CERTIFICATE OF SERVICE

I hereby certify that the PLAINTIFF'S MOTION FOR ENTRY OF TRUST RECORD PRESERVATION ORDER, THE PROPOSED ORDER, THE MEMORANDUM IN SUPPORT THEREOF, AND THE ATTACHMENTS AND EXHIBITS THERETO were electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

> John H. Martin, Esq.
> United States Department of Justice
> Environmental and Natural Resources Division
> Natural Resources Section
> 1961 Stout Street, Eigth Floor
> Denver, CO 80294
>
> Kevin E. Regan, Esq.
> United States Department of Justice
> Environmental and Natural Resources Division
> Natural Resources Section
> P.O. Box 663
> Washington, D.C.  20044-0663

This 29th day of April, 2008.

3

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621, Admitted *Pro Hac Vice*
Email: cmunson@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Passamaquoddy Tribe of Maine

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE PASSAMAQUODDY TRIBE OF MAINE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-CV-02240-JR |
| | ) | Judge James Robertson |
| DIRK KEMPTHORNE, ROSS O. SWIMMER and HENRY M. PAULSON, | ) ) ) ) | |
| Defendants. | ) ) | |

**TRUST RECORD PRESERVATION ORDER**

Before the Court is the Plaintiff's Motion for Entry of Trust Record Preservation Order, filed on April 29, 2008. The Court finds that good cause exists for approval and entry of the Preservation Order pursuant to Federal Rule of Civil Procedure 16(c), this Court's inherent authority to regulate its proceedings, and its equitable power to enforce the duties of a trust. Therefore, it is hereby **ORDERED**:

**1.   General Obligation to Preserve.**

(a) During the pendency of this litigation or until further order of the Court, the Defendants and their departments, agencies, offices, divisions, employees, agents, and contractors must take reasonable steps to preserve all documents, data, or tangible things, including any duplicates, in their possession, custody, or control that embody, refer to, or relate to the accounts or assets held in trust by Defendants or their agents for the Passamaquoddy Tribe of Maine ("Passamaquoddy Trust Records").

(b) Defendants shall issue instructions to all of their departments, agencies, offices, divisions, employees, agents, and contractors that may handle Passamaquoddy Trust Records to ensure retention and retrievability of all such Trust Records. Unless it is indisputable that a record is not a Passamaquoddy Trust Record, Defendants must preserve it under this Order. If Defendants are uncertain whether any action concerning a Passamaquoddy Trust Record would constitute a failure to preserve that record, Defendants shall confer with Plaintiff regarding the proposed action.

**2.   Compliance.**

1

(a)  Defendants, in consultation with Plaintiff, shall establish a mechanism for ensuring on-going compliance with this Order, such as periodic reminders of record retention obligations to be sent to appropriate document repositories by a date to be determined by the Court and then every six months thereafter for the pendency of this case.  Defendants shall file a report setting forth their compliance mechanism within 60 days of the date of this Order.

(b)  For each employee or agent of Defendants, their departments, agencies, offices, divisions, and contractors who has custody of Passamaquoddy Trust Records, Defendants' counsel shall advise the person of the terms of this Preservation Order, the person shall be provided with a copy of the Preservation Order, and the person shall personally review its terms and execute a document containing the following acknowledgment:

> I understand that I am being given access to Passamaquoddy Trust Records within the terms of a Trust Record Preservation Order in *Passamaquoddy Tribe of Maine v. Kempthorne*, No. 06-CV-02240 (D.D.C. ____, 2008), a copy of which has been provided to me.  I have read the Trust Record Preservation Order and agree to be bound by its terms.  I further agree to notify Defendants' counsel immediately if I become aware of a violation of the Order (e.g., the destruction or loss of documents).

The executed acknowledgments shall be maintained by Defendants' attorney of record.

(c)  Defendants and their counsel shall immediately notify the Court if, at any time, they become aware of a violation of this Order (e.g., the destruction or loss of documents).  In addition, Defendants must provide to the Court (i) a list of all those involved with the violation of this Order who handled the relevant Passamaquoddy Trust Records, and (ii) provide a copy of the signed acknowledgments for those individuals.

3.  **Definitions.**  For purposes of this Order:

(a)  "Documents, records, and tangible things" is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; e-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; data or data compilations stored in any medium; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video; phonographic tape or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that

serves to identify, locate, or link such material, such as file inventories, file folders, and indices, is also included in this definition.

(b)   "Reasonable steps to preserve" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all Passamaquoddy Trust Records. Reasonable steps, at a minimum, include ensuring that information is not purged pursuant to a records disposition schedule or otherwise inadvertently destroyed.

**4.    Movement(s) or Transfer(s) of Certain Passamaquoddy Trust Records.**

In the event that Defendants, their departments, agencies, offices, divisions, employees, agents, or contractors anticipate moving or transferring Passamaquoddy Trust Records from their present location to another location, including without limitation any transfers of records to the American Indian Records Repository (AIRR), Defendants shall provide Plaintiff with notice of such document movement at least 20 days in advance of the movement. Such written advance notice shall include a move plan or plans, which shall include: an implementation schedule; box inventories and descriptions of the records being moved; the method of transportation; the chain of custody; and the signature of the official responsible for the move.

**5.    Further Instructions, Clarification, or Modification of This Order.**

Either party may apply to the Court for further instructions, clarification, or modification of this Order regarding, *inter alia*, Defendants' obligations to preserve specific categories of documents, data, or tangible things. The parties are encouraged to confer among themselves and to make a joint proposal or submission to the Court, wherever appropriate or possible.

**6.    Dispute Resolution.**

If a party desires clarification of any issue(s) related to the parties' obligations pursuant to this Order, or believes that the opposing party has violated any term of this Order, the party shall notify the opposing party in writing and state the issue(s) requiring clarification or the grounds upon which the party has formed such belief. As soon as practicable after receiving such written notification, the parties shall meet and confer in an attempt to clarify the issue(s) in a mutually agreeable manner or to resolve the dispute. If the parties cannot clarify the issue(s) in a mutually agreeable manner or do not resolve the dispute, then within a period of 20 days either party may file a motion with the Court seeking a ruling regarding the parties' obligations pursuant to the Order.

**7.    Sanctions.**  Failure to comply with this Order may lead to the imposition of sanctions.

**8.    Dissemination.**  This Order shall be distributed by Defendants to all relevant departments, agencies, offices, divisions, employees, agents, contractors, and individuals.

USADMIN 9220897.1 99997-095911

                                              It is so ORDERED.

                                              _____

                                              The Honorable James Robertson

April ___, 2008